Michael R. Johnson, Esq. (A7070)
David H. Leigh (A9433)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
P.O. Box 45385
Salt Lake City, Utah  84145-0385
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com
Email:  dleigh@rqn.com

*Proposed Counsel for Gil A. Miller, Chapter 11 Trustee*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>DEE ALLEN RANDALL,<br><br>Debtor. | **Bankruptcy Case No. 10-37546**<br>Chapter 11<br><br>Honorable Joel T. Marker<br><br>[Filed via ECF] |
| In re:<br><br>HORIZON AUTO FUNDING, LLC,<br><br>Debtor-in-Possession. | **Bankruptcy Case No. 11-34826**<br>Chapter 11<br><br>Honorable Joel T. Marker<br><br>[Filed via ECF] |
| In re:<br><br>INDEPENDENT COMMERCIAL LENDING, LLC,<br><br>Debtor-in-Possession. | **Bankruptcy Case No. 11-34830**<br>Chapter 11<br><br>Honorable Joel T. Marker<br><br>[Filed via ECF] |

| | |
|---|---|
| In re:<br><br>HORIZON FINANCIAL CENTER I, LLC,<br><br>Debtor-in-Possession. | **Bankruptcy Case No. 11-34831**<br>Chapter 11<br><br>Honorable William T. Thurman<br><br>[Filed via ECF] |
| In re:<br><br>HORIZON MORTGAGE AND INVESTMENT INC.,<br><br>Debtor-in-Possession. | **Bankruptcy Case No. 11-34833**<br>Chapter 11<br><br>Honorable William T. Thurman<br><br>[Filed via ECF] |
| In re:<br><br>HORIZON FINANCIAL & INSURANCE GROUP INC.,<br><br>Debtor-in-Possession. | **Bankruptcy Case No. 11-34834**<br>Chapter 11<br><br>Honorable Joel T. Marker<br><br>[Filed via ECF] |

### THE TRUSTEE'S MOTION REQUESTING JOINT ADMINISTRATION AND PROCEDURAL (BUT NOT SUBSTANTIVE) CONSOLIDATION OF RELATED CHAPTER 11 CASES

Gil A. Miller (the "**Trustee**"), who is the duly appointed trustee in the case of In re Dee Allen Randall, Case No. 10-37546, now pending in the above-entitled case (the "**Randall Case**"), and who also is by virtue of his appointment as Trustee in the Randall Case is the sole owner of the following entities (collectively, the "**Randall Entities**") owned by Dee Randall and the Randall Estate, which Randall Entities filed Chapter 11 bankruptcy petitions (collectively, the "**Randall Entity Cases**") with this Court on October 12, 2011: (a) Horizon Auto Funding, LLC ("**Horizon Auto**"), Case No. 11-34826, (b) Independent Commercial Lending, LLC

2

("**Independent Commercial**"), Case No. 11-34830, (c) Horizon Financial Center I, LLC ("**Horizon Financial Center**"), Case No. 11-34831, (d) Horizon Mortgage and Investment Inc. ("**Horizon Mortgage**"), Case No. 11-34833, and (e) Horizon Financial & Insurance Group Inc. ("**Horizon Insurance**"), Case No. 11-34834, by and through his proposed counsel, respectfully moves this Court for an order authorizing and directing the joint administration and procedural (but not substantive at this time) consolidation of the Randall Case and the Randall Entity Cases, and for other related relief (the "**Motion**"). In support of the Motion, the Trustee states as follows:

## JURISDICTION AND VENUE

1.　This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.　The statutory bases for the relief requested in this Motion are section 105 of Title 11 of the United States Code, Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, and Local Rule 1015-1.

3.　No prior motion has been filed for the relief requested herein.

## GENERAL BACKGROUND

4.　On December 20, 2010 (the "**Petition Date**"), Dee Randall ("**Randall**") filed the Randall Case under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

5.　Randall continued to operate the Randall Case as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code from the Petition Date until September 29, 2011.

6.　On September 29, 2011, this Court entered its Order approving the appointment of the Trustee as the trustee of Randall's bankruptcy estate in the Randall Case. [Randall Case, Doc. 247]

3

7. As of September 29, 2011, Randall was the sole owner of all of the Randall Entities. Further, Randall was either the manager or president of all of the Randall Entities.

8. Upon his appointment by the Court, the Trustee stepped into Randall's shoes and became the owner, in his capacity as Chapter 11 trustee, of the Randall Entities.

9. After his appointment by the Court, the Trustee removed Randall as manager or president of the Randall Entities (depending upon whether the Randall Entities were limited liability companies or corporations), and substituted himself in as either manager or president.

10. Thus, as of the date of filing of this Motion, the Trustee, by operation of law and in his capacity as Chapter 11 trustee, is both the sole owner of, and either the manager or president of, the Randall Entities.

11. On October 12, 2011, the Trustee, in his capacity as Chapter 11 trustee in the Randall Case, caused the following petitions to be filed by the Randall Entities under Chapter 11 of Title 11 of the United States Code:

    A. In re Horizon Auto Funding, LLC, Case No. 11-34826;

    B. In re Independent Commercial Lending, LLC, Case No. 11-34830;

    C. In re Horizon Financial Center I, LLC, Case No. 11-34831;

    D. In re Horizon Mortgage and Investment Inc., Case No. 11-34833; and

    E. In re Horizon Financial & Insurance Group Inc., Case No. 11-34834.

12. The Randall Entities are currently operating the Randall Entity Cases as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. The Trustee, in his capacity as trustee of the Randall Case and as the president or manager of each of the Randall Entities, is the representative of each of the Randall Entities.

13. The Randall Case and the Randall Entity Cases have been assigned to different judges of this Court. Specifically, Judge Marker has been assigned Case Nos. 11-34826, 11-34830 and 11-34834 filed by Horizon Auto, Independent Commercial and Horizon Insurance,

and Judge Thurman has been assigned Case Nos. 11-34831 and 11-34833 filed by Horizon Financial Center and Horizon Mortgage.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

14.     By this Motion, and pursuant to Section 105 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 1015 and Local Rule 1015-1, the Trustee seeks entry of an order directing the joint administration and procedural (but not substantive) consolidation of the Randall Case and the Randall Entity Cases before the Honorable Joel T. Marker, and with all filings to take place in the Randall Case.

15.     The Trustee further proposes that the Clerk of the Court file and maintain all pleadings, papers, and other filings in either the Randall Case or the Randall Entity Cases (other than proofs of claim) under a single pleading docket—that pleading docket being the docket for the Randall Case—and that all pleadings, papers, or other filings relating to either the Randall Case or the Randall Entity Cases bear a single joint caption, in the form substantially similar to the following (with parties in interest noting on the joint caption of their filing to which cases their filing relates):

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| In re:<br><br>DEE ALLEN RANDALL, HORIZON AUTO FUNDING, LLC, INDEPENDENT COMMERCIAL LENDING, LLC, HORIZON FINANCIAL CENTER I, LLC, HORIZON MORTGAGE AND INVESTMENT INC., and HORIZON FINANCIAL & INSURANCE GROUP INC.,<br><br>Debtors. | Bankruptcy Case No. 10-37546<br>Bankruptcy Case No. 11-34826<br>Bankruptcy Case No. 11-34830<br>Bankruptcy Case No. 11-34831<br>Bankruptcy Case No. 11-34833<br>Bankruptcy Case No. 11-34834<br><br>Chapter 11<br><br>Honorable Joel T. Marker |
|---|---|

|  | **Jointly Administered Under Case No. 10-37546** |
|---|---|
|  | Filing Relates to Case No. _____ |
|  | [Filed via ECF] |

16. The Trustee does not, at this time, propose substantive consolidation of the Randall Case and the Randall Entity Cases. However, the Trustee believes that Randall and the Randall Entities were and are the mere instrumentalities and alter egos of one another, that substantial commingling of assets and liabilities exists between Randall and the Randall Entities, that corporate formalities generally were not followed between Randall and the Randall Entities, that there were significant intercompany transfers between and among Randall and the Randall Entities, and that creditors and interested parties generally viewed Randall and the Randall Entities as a single economic enterprise. Thus, the Trustee anticipates filing a motion to substantively consolidate the Randall Case with the Randall Entity Cases within the next thirty to sixty days.

17. Federal Rule of Bankruptcy Procedure 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates."

18. Joint administration typically involves the use of a single docket for administrative matters, "and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly." Fed. Rule Bank. P. 1015 Adv. Comm. Note (1983).

19. "Joint administration is designed in large part to promote procedural convenience and cost efficiencies which do not affect the substantive rights of claims or the respective debtor

estates." *In re McKenzie Energy Corp.*, 228 B.R. 854, 857 (Bankr. S.D. Tex. 1998).  Thus, "joint administration or administrative consolidation is merely a procedural device which enables a court to efficiently oversee multiple estates." *In re Babcock & Wilcox Co.*, 250 F.3d 955, 958 n.6 (5th Cir. 2001).

20. The Randall Entities all are affiliates of Randall, as that term is defined by Section 101(2) of the Bankruptcy Code, as Randall (and now the Trustee, his capacity as Chapter 11 trustee of the Randall Estate), owns 100% of each of the Randall Entities.

21. As noted in Collier's, "[j]oint administration is common when a consolidated group of corporations files for bankruptcy relief.  Particularly in Chapter 11, the success of one affiliate's reorganization effort may depend on the success of the other affiliates' efforts."  9 Collier on Bankruptcy, ¶1015.03, at 1015-5 (16th ed. 2010).

22. The Court should order joint administration of the Randall Case and the Randall Entity Cases here.  Joint administration will avoid duplicate notices, applications, motions and orders, thereby saving the Trustee considerable time and expense.  For example, joint administration will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the respective estates of the various debtors and other parties in interest.

23. Indeed, the official mailing matrix in the Randall Case and in <u>each</u> of the Randall Entity Cases lists 793 creditors and parties in interest.  The official mailing matrixes for all cases are substantively identical, and many of the Trustee's filings will relate to all six Debtors (i.e., Randall and the five Randall Entities).  Requiring the Trustee to serve six separate copies of pleadings seeking the same relief as to all debtors would be a substantial waste of estate resource resources, and would penalize the very persons—the various creditors of Randall and the various Randall Entities, and in particular the investors—that the Trustee is hoping to benefit.

7

24. Moreover, the rights of creditors and other parties in interest will not be adversely affected by joint administration of the Randall Case and the Randall Entity Cases, because the relief sought in this Motion is purely procedural and is in no way intended to affect substantive rights. Indeed, the rights of creditors and parties in interest will be enhanced by the reduced costs that will result from joint administration. The Court will also be relieved of the burden of hearing duplicative motions, entering duplicative orders and maintaining duplicative files. Supervision of the administrative aspects of these cases by the United States Trustee also will be simplified and streamlined.

WHEREFORE, based upon the foregoing, the Trustee respectfully asks this Court to enter an Order, in the form filed contemporaneously herewith, (a) directing the joint administration and procedural (but not substantive) consolidation of the Randall Case and the Randall Entity Cases, under the caption set forth above, (b) authorizing a combined service list for the jointly administered cases, and combined notices to creditors and parties in interest for all of the cases, (c) authorizing and directing the use of the proposed caption set forth in paragraph 15 above, and (d) granting the Trustee such other and further relief as the Court deems just and proper under the circumstances.

DATED this 12th day of October, 2011.

RAY QUINNEY & NEBEKER P.C.

/s/ Michael R. Johnson
Michael R. Johnson
David H. Leigh
Proposed Attorneys for Gil A. Miller,
Chapter 11 Trustee, In re Randall, Case No.
10-37546

8

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of October, 2011, a true and correct copy of the foregoing was electronically filed and therefore served via ECF on the following:

- Steven R. Bailey    karen@baileylaw.org
- Brandon L. Baker    bbakerlaw@hotmail.com
- Jesse A.P. Baker    ecfutb@piteduncan.com, jbaker@piteduncan.com
- John Christian Barlow    Bankruptcy@JohnChristianBarlow.com, calendar@johnchristianbarlow.com
- Laurie A. Cayton tr    laurie.cayton@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Joseph M.R. Covey    calendar@parrbrown.com
- Morgan L. Cummings    mcummings@centralutahlaw.com
- Andres' Diaz    courtmail@adexpresslaw.com
- Anna W. Drake    annadrake@att.net
- Sean N. Egan    seannegan@sneganlaw.com
- Andrew Goldberg    Bkmail@rosicki.com
- M. Darin Hammond    dhammond@smithknowles.com, astevenson@smithknowles.com
- Mark B. Holliday    m.holliday@hopplawfirm.com
- Armand J. Howell    howell@mmojlaw.com
- Lon A. Jenkins    lajenkins@joneswaldo.com, ecf@joneswaldo.com;rhuot@joneswaldo.com
- Michael R. Johnson    mjohnson@rqn.com, sglendening@rqn.com;docket@rqn.com
- Timothy J. Larsen    tlarsen@adexpresslaw.com
- David H. Leigh    dleigh@rqn.com, sglendening@rqn.com;docket@rqn.com
- John W. Lish    john@utahdefaultservices.com
- Benjamin J. Mann    ben@halliday-watkins.com
- David E. McAllister    ecfutb@piteduncan.com, mariam.babayan@prommis.com
- Gil A. Miller tr    gmiller@rockymountainadvisory.com, jhenroid@rockymountainadvisory.com
- Gregory S. Moesinger    gmoesinger@kmclaw.com, lfrankis@kmclaw.com
- Carolyn Montgomery    cmontgomery@cnmlaw.com
- Nick M. Newbold    nick.newbold@sba.gov, sharlene.miller@sba.gov;john.gygi@sba.gov
- Thomas W. Peters    twp@psplawyers.com
- Robert S. Prince    rprince@kmclaw.com, squilter@kmclaw.com
- Spencer H. Reed    sreed@vancott.com
- Arnold Richer    aricher@rsolaw.com, abachman@rsolaw.com
- Jerome Romero    jromero@joneswaldo.com, bparry@joneswaldo.com
- Zachary T. Shields    zachshields@cnmlaw.com, alambert@cnmlaw.com
- Heath H. Snow    heath@binghamsnow.com, colleen@binghamsnow.com

9

- David B. Stevenson    david@stevensonandsmith.com, julie@stevensonandsmith.com,sam@stevensonandsmith.com,brad@stevensonandsmith.com
- William A. Street    wstreet@vancott.com, dbair@vancott.com;sanderson@vancott.com
- Gerald H. Suniville    gsuniville@vancott.com, bhammond@vancott.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov
- James H. Woodall    jwoodall@utahtrustee.com

I further certify that on the 12th day of October, 2011, a true and correct copy of the

foregoing was served upon the following parties by first class U.S. mail, postage prepaid.

| | |
|---|---|
| Steven R. Bailey<br>2454 Washington Blvd.<br>Ogden, UT 84401 | Robert Paul Clark<br>3753 Adams Ave<br>Ogden, UT 84403 |
| Richard Ensor<br>Vantus Law Group, PC<br>3165 East Millrock Drive  Suite 160<br>Salt Lake City, UT 84121 | Brad Jacobsen<br>Vantus Law Group, P.C.<br>3165 East Millrock Drive, Suite 160<br>Salt Lake City, UT 84121 |
| Michael A Burnett<br>359 Glen Circle<br>Fruit Heights, UT 84037 | Clay W. Stucki<br>Bennett Tueller Johnson & Deere<br>3865 Wasatch Blvd., #300<br>Salt Lake City, UT 84109 |

/s/Sherry D. Glendening

**1155446**